# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CAROL A. GENNARO,<br>                Appellant, | DOCKET NUMBER<br>DE-0752-13-1662-I-1 |
|       v. | |
| DEPARTMENT OF THE AIR FORCE,<br>                Agency. | DATE: February 10, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sterling W. Hiibschman, U.S. Air Force Academy, Colorado, for the
    appellant.

Larry Pruitt, Joint Base Andrews, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant was one of a group of employees from Local 1867, American Federation of Government Employees, whose furlough appeals were consolidated by the administrative judge.  *AF Academy v. Department of the Air Force*, MSPB Docket   No. DE-0752-14-0079-I-1,   Consolidation   Appeal   File   (CAF), Tab 1;  5 C.F.R. § 1201.36(b).   These employees worked in various civilian capacities at the U.S. Air Force Academy, near Colorado Springs, Colorado, and they were furloughed for up to 11 work days during the 2013 fiscal year pursuant to section 251A of the Balanced Budget and Emergency Deficit Control Act, i.e., sequestration.[2]  *See* 2 U.S.C. § 901a; CAF, Tab 6 at 9-12.   The appellant was furloughed for 6 days.  Initial Appeal File (IAF), Tab 2 at 4-17.  Either through their participation in the telephonic conferences with the administrative judge, or by their inaction following the first of such conferences, the appellant and her colleagues waived their hearing rights and consented for the administrative judge to render a finding on the written record.   CAF, Tabs 4, 7.   The appellant

---

[2] For agency documentation regarding the sequestration and furloughs during the 2013 fiscal year, see the Complete Department of the Air Force Administrative Record for FY2013 Furlough Appeals, *available at* www.mspb.gov/furloughappeals.

participated in the first teleconference, CAF, Tab 4, and she submitted a separate pleading setting forth her argument that the furlough violated Article 1, Section 8, Clause 1, of the U.S. Constitution, which gives Congress the power to provide for the common defense and general welfare of the United States. CAF, Tab 8.

¶3        In the initial decision that followed, the administrative judge found that the agency established that the furlough was a reasonable management solution to a decrease in the agency budget and that the agency imposed the furlough uniformly and consistently regarding the appellant and her colleagues. CAF, Tab 9, Initial Decision (ID) at 7-9. The administrative judge explained that the Board lacked the authority to look behind the agency's decision to remedy its budget deficits by furloughing employees and that the Board likewise lacked the authority to find whether the statutes and regulations empowering the agency to furlough employees are unconstitutional. *Id.* The administrative judge also explained that the Board has rejected any contention that the disparity between subjecting the appellant and her colleagues to a furlough resulting from sequestration and finding that they were "essential" employees excepted from the furlough caused by the Government shutdown in October 2013, was unconstitutional. ID at 8.

¶4        On review, the appellant asks the Board to consider:

> that all federal employees were told to disobey the statutes of the Constitution and that the administrative law judge erred in concluding that the furloughs and sequestration actions were legal because the agency had the authority to decide it's [sic] own budget and forced civilians to disobey the Constitutional law[s] that regulate the citizens of the United States. The "right-to-disobey" provision at section 5 U.S.C. §§ 2302(b)(8) and 2302(b)(9)(D) as they apply to violations of statute, in addition to violations of Oath of Office provisions under 5 U.S. Code § 1204 (f)(2)(a, b), and § 1204 (f)(3), § 1204 (f)(4), 28 U.S. Code § 518 and whether or not the furloughs and sequestrations were in fact undertaken in order to promote the [efficiency of the service] versus violating Constitutionally mandated budget requirements to ensure "appropriation not to exceed two-years" for payment of those in the employment of the United States

(military, active duty, reserves, federal civil service employees, contractors and retirees all inclusive).

PFR File, Tab 1 at 8-9.

¶5    The administrative judge addressed whether the Board had the authority to determine the constitutionality of statutes empowering agencies to furlough employees, and he reiterated our longstanding holding that we lack such authority.  ID at 8-9; *see Special Counsel v. Bianchi*, 57 M.S.P.R. 627, 633 (1993) (determining that, as an administrative agency, the Board has no authority to adjudicate the constitutionality of a statute).  The administrative judge did not explicitly address the appellant's assertion that the furlough caused her to violate her oath of office; however, we note that her argument regarding the oath of office is predicated upon her contention that the furlough itself violates Article 1, Section 8, Clause 1 of the U.S. Constitution.  IAF, Tab 8 at 1-4; *see* CAF, Tab 5.  As stated above, the initial decision explained that the Board cannot adjudicate the constitutionality of the authorities upon which the furlough was based, and in any event, the appellant has not shown how obedience to a lawful order given by her agency might violate her oath of office.[3]

¶6    To the extent that the appellant may be arguing that she was denied a hearing and an opportunity to examine witnesses, we point out that she participated in the first prehearing conference and waived her right to a hearing with the other appellants.  CAF, Tabs 4, 7.  She also took the opportunity to submit a separate pleading to the record on the constitutional issues.  CAF, Tab 8.  She cannot complain that she lacked the opportunity to be heard.  In any event, the agency has shown that the sequestration furlough promoted the efficiency of the service.  ID at 9.  The appellant has offered no new and material evidence supporting an argument that the administrative judge erred, nor has she shown

---

[3] The petition for review also cites authorities regarding freedom of speech and the right to petition the Government for redress of grievances under the First Amendment to the Constitution, as well as various other authorities.  PFR File, Tab 1 at 8-18.  The appellant has not addressed how these authorities relate to her appeal.

that the administrative judge relied upon an erroneous interpretation of a statute, abused his discretion, or made erroneous findings of fact. *See* 5 C.F.R. § 1201.115. Accordingly, we deny her petition for review and affirm the initial decision.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website

at   http://www.mspb.gov/probono   for   information   regarding   pro   bono representation for Merit Systems Protection Board appellants before the Federal Circuit.    The  Merit  Systems  Protection  Board  neither  endorses  the  services provided by any attorney nor warrants that any attorney will accept representation in a given case.



FOR THE BOARD:                             _____
                                                            William D. Spencer
                                                            Clerk of the Board

Washington, D.C.